**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**HENRY J. LANERI, III**                                                      **PETITIONER**

**v.**                                               **CIVIL ACTION NO. 1:18-cv-306-HSO-MTP**

**PELICIA HALL, Commissioner of MDOC,**                        **RESPONDENTS**
**and JODY BRADLEY, Warden**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition [1] of Henry J. Laneri, III for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [8] pursuant

to *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995) and *O'Sullivan v. Boerckel*, 526 U.S. 838

(1999). Having considered the parties' submissions and the applicable law, the undersigned

recommends that Respondent's Motion to Dismiss [8] be granted and the Petition [1] be

dismissed with prejudice.

## BACKGROUND

On January 13, 2012, Petitioner pled guilty to possession of contraband in a correctional

facility in the Circuit Court of Pearl River County, Mississippi. Order [8-1]. Petitioner was

sentenced to serve eight years, with two years in the custody of the Mississippi Department of

Corrections (MDOC), and the remaining six years to be served under post-release supervision

with a five-year supervision period. *Id.*

On February 28, 2016, Petitioner was released on post-release supervision, but was

subsequently arrested for possession of a controlled substance and possession of paraphernalia

on July 19, 2016. SCR Vol. 2 ([9-2] at 9, 11). On September 1, 2016, the circuit court revoked

Petitioner's post-release supervision and sentenced him to serve the remainder of his suspended sentence in the custody of the MDOC. Order [8-4].

On January 25, 2017, Petitioner filed his state petition for habeas corpus[1] alleging that the sentencing order was erroneous because it did not reflect the sentence orally pronounced by the trial court, was not part of the State's sentencing recommendation, and was not included in his petition to enter a guilty plea. SCR Vol. 1 ([9-1] at 10-18). Petitioner also alleged that his protection against double jeopardy was violated. *Id.* The circuit court dismissed his petition, finding that it was barred as a subsequent petition.[2] Order Dismissing Petition for Post-Conviction Relief [8-5].

Petitioner appealed to the Mississippi Court of Appeals. *Laneri v. State*, 248 So. 3d 898, 901 (Miss. Ct. App. 2018). On May 22, 2018, the court of appeals found that the petition was procedurally barred, and that the circuit court properly denied Petitioner's PCR. *Id.* Petitioner had until June 5, 2018 to file a motion for rehearing or to request additional time to do so. MSCOA Order [8-7]. *See* Miss. R. App. P. 40(a).

On June 10, 2018, Petitioner submitted a notice of appeal, which was filed on June 18, 2018. *Id.* The Mississippi Court of Appeals interpreted the notice of appeal to be "in the most lenient sense … a late request for time to file a motion for rehearing." *Id.* The court of appeals

---

[1] Petitioner referred to his state motion for post-conviction relief (hereinafter PCR) as a "Petition for Habeas Corpus." *See* SCR Vol. 1 ([9-1] at 10).

[2] After his underlying conviction, Petitioner filed a "Petition to Clarify (Correct) Sentence" on September 11, 2013 arguing that despite his sentencing order including post-release supervision, the circuit court never verbally sentenced him to post-release supervision. Petition to Clarify Sentence and Order ([8-2]). The circuit court interpreted his petition as a motion for post-conviction collateral relief and filed its Order Dismissing Post-Conviction Collateral Relief on March 6, 2014. *Id.* Petitioner appealed, and the Mississippi Court of Appeals affirmed the trial court's decision. *Laneri v. State*, 167 So. 3d 274 (Miss. Ct. App. 2014).

held the motion in abeyance until further order and gave Petitioner thirty days to show good cause for missing the rehearing deadline. *Id.* Petitioner failed to respond. Consequently, the court of appeals denied his motion. MSCOA Order [8-8].

On August 8, 2018, Petitioner filed his Petition for Writ of Habeas Corpus [1] challenging his 2016 revocation. Thereafter, Respondents filed their Motion to Dismiss [8], arguing that Petitioner's claims are procedurally barred from federal habeas review, or alternatively, unexhausted. Petitioner did not respond – and does not intend to respond – to the Motion. *See* Letter [10].

## ANALYSIS

The authority of federal courts to issue habeas corpus relief to state prisoners is governed by 28 U.S.C. § 2254 which provides in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> > (A) The applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (c) An applicant shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

To satisfy the exhaustion requirement, petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair

opportunity to consider and pass upon the claims. *O'Sullivan*, 526 U.S. 838. Moreover, state prisoners must give state courts the opportunity to resolve issues by "invoking one complete round of the State's established appellate review process." *Id.* at 845. "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion doctrine exists "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Federal courts apply the doctrine of comity which defers action on causes within its jurisdiction until other sovereign courts with concurrent powers have had an opportunity to decide upon the cause. *Id.*

Petitioner's claims are procedurally barred for failure to exhaust state court remedies. A state court's procedural bar is an independent and adequate ground to prevent review. *Sones*, 61 F.3d at 416. "A habeas petitioner who 'has failed to exhaust all of the postconviction claims he now seeks to raise … has asserted no cognizable right to federal relief under § 2254.'" *Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997) (quoting *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995)).

The Mississippi Court of Appeals gave Petitioner an opportunity to show good cause for missing the rehearing deadline, but Petitioner did not respond, and his notice of appeal was subsequently denied. Consequently, Petitioner failed to present his claims before the state's highest court in a procedurally proper manner. *O'Sullivan*, 526 U.S. at 845. "When … state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims." *Sones*, 61 F.3d at 416. Accordingly, this Court is barred

from reviewing Petitioner's claims because he did not exhaust the available state appellate review and did not apply for certiorari review to the Mississippi Supreme Court.

Petitioner does not demonstrate that exceptions apply to the procedural bar. "Exceptions to procedural default exist where the petitioner shows 'cause and actual prejudice' or that application of the procedural bar will result in a 'fundamental miscarriage of justice.'" *Ruiz v. Quarterman*, 460 F.3d 638, 643 (5th Cir. 2006) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). "Cause under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (internal quotation marks omitted). "Examples of external factors include 'interference by officials' and 'a showing that the factual or legal basis for a claim was not reasonably available' to Petitioner." *Shelton v. King*, 548 F. Supp. 2d 288, 303 (S.D. Miss. 2008) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991)).

Petitioner does not establish that an external force caused the procedural violation. Petitioner does not show that he failed to respond to the court of appeals' order due to an external force. Likewise, Petitioner has not shown any cause under the cause and prejudice test that allows this Court to reach the merits of the claims despite the procedural bar. Without a showing of cause, the Court need not consider whether prejudice exists. *McCleskey*, 499 U.S. at 502.

Petitioner has not shown that a fundamental miscarriage of justice would result if the Court does not reach the merits of his claims. To establish that a fundamental miscarriage of justice would occur, Petitioner would need to show that he was factually innocent of the crime upon which his conviction rests. *See Conerly v. Kelly*, Civil Action No. 2:05cv125-JMR, 2007 WL 325796, at *3 (S.D. Miss. Jan. 31, 2007). To demonstrate actual innocence, a petitioner must persuade the district court that in light of the new evidence, "no juror, acting reasonably, would

have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). The *Schlup* standard is demanding and only permits review in extraordinary cases. *House v. Bell*, 547 U.S. 518, 538 (2006). Success on an actual innocence claim is rare. *Id.*

Petitioner pled guilty to possessing contraband in a correctional facility. Order of Conviction and Sentence [8-1]. The Petition does not present any new evidence to demonstrate actual innocence.  Petitioner has not shown that no reasonable juror would have found him guilty. Thus, no fundamental miscarriage of justice would result from dismissal of the Petition.

Petitioner's claims are procedurally barred for failure to exhaust state court remedies and Petitioner has not demonstrated that an exception applies to the procedural bar. Accordingly, this Court is barred from reviewing Petitioner's claims and the Petition should be dismissed.

A dismissal of the Petition without prejudice would be futile. A petition for writ of certiorari would now be time-barred because it must have been made within fourteen days after a motion for rehearing is denied by the Mississippi Court of Appeals. *Myles v. Kelly*, No. 3:07CV00563HTW LRA, 2010 WL 2696781, at *3 (S.D. Miss. May 14, 2010); *See* Miss. R. App. P. 17(a) ("A decision of the Court of Appeals is a final decision which is not reviewable by the Supreme Court except on writ of certiorari."); *see also* Miss. R. App. P. 17(b) ("[a] petition for a writ of certiorari for review of the decision of the Court of Appeals must be filed … within fourteen days … ."). When unexhausted claims are procedurally barred in state court, this Court must hold the claims procedurally barred from federal habeas review. *Sones*, 61 F.3d at 416. Since the state's highest court would now find the claim procedurally barred, Petitioner's claim is procedurally defaulted for purposes of federal habeas review. *Coleman*, 501 U.S. at 735 n.1.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [8] be GRANTED and that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

Pursuant to the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 1st day of July, 2019.

s/ Michael T. Parker
United States Magistrate Judge