# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**HENRY JOSEPH LANERI, III, #R0205**                                           **PETITIONER**

**v.**                                                **CIVIL NO. 1:18-cv-306-HSO-MTP**

**PELICIA HALL, COMMISSIONER,**
**AND JODY BRADLEY, WARDEN**                                                  **RESPONDENTS**

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [11], GRANTING RESPONDENTS' MOTION TO DISMISS [8], AND DISMISSING WITH PREJUDICE PETITION [1] FOR HABEAS CORPUS RELIEF

This matter comes before the Court on the Report and Recommendation [11] of United States Magistrate Judge Michael T. Parker entered in this case on July 1, 2019, on Respondents' Commissioner Pelicia Hall and Warden Jody Bradley's Motion to Dismiss [8], and on Petitioner Henry Joseph Laneri, III's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus [1] filed September 24, 2019. Having considered the Report and Recommendation, the record as a whole, and relevant legal authority, the Court finds that the Report and Recommendation [11] should be adopted as the finding of the Court, Respondents Commissioner Pelicia Hall and Warden Jody Bradley's ("Respondents") Motion to Dismiss [8] should be granted, and Petitioner Henry Joseph Laneri, III's ("Petitioner") Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus should be dismissed.

## I. RELEVANT BACKGROUND

On January 13, 2012, Petitioner pled guilty in the Circuit Court of Pearl River County, Mississippi, to possession of contraband in a correctional facility.

Order [8-1] at 1-3. He was sentenced to serve eight years imprisonment, with two years in the custody of the Mississippi Department of Corrections ("MDOC"), and the remaining six years to be served under post-release supervision with a five-year supervision period. *Id.*

After Petitioner was released on post-release supervision, he was arrested on July 19, 2016, for possession of a controlled substance and possession of paraphernalia. State Court Record ("SCR") Vol. 2 [9-2] at 9, 11. The state court revoked Petitioner's post-release supervision and sentenced him to serve the remainder of his suspended sentence in the custody of the MDOC. Order [8-4] at 1.

On January 25, 2017, Petitioner filed his state petition for postconviction relief ("PCR") alleging that the sentencing order was erroneous because it did not reflect the sentence orally pronounced by the trial court, it was not part of the state court's sentencing transcript, and it was not included in his petition to enter a guilty plea. SCR Vol. 1 [9-1] at 10-18. Petitioner also asserted that his protection against double jeopardy had been violated. *Id.* The state court dismissed the petition, finding that it was barred as a subsequent petition. Order [8-5] at 1-3.

Petitioner appealed to the Mississippi Court of Appeals, *Laneri v. State*, 248 So. 3d 898 (Miss. Ct. App. 2018), which found on May 22, 2018, that the petition was procedurally barred, and that the circuit court had properly denied it. *Id.* at 898-902. Petitioner had until June 5, 2018, to file a motion for rehearing or to request additional time to do so. Order [8-7] at 1-2; *see* Miss. R. App. P. 40(a).

On June 10, 2018, Petitioner submitted a notice of appeal, which was filed on June 18, 2018. Order [8-7] at 1-2. The Mississippi Court of Appeals interpreted the notice of appeal to be "in the most lenient sense … a late request for time to file a motion for rehearing." *Id.* The Court of Appeals held the motion in abeyance until further order and gave Petitioner thirty days to show good cause for missing the rehearing deadline. *Id.* Petitioner failed to respond. Consequently, the Court of Appeals denied his motion. Order [8-8] at 1. Petitioner did not seek certiorari from the Mississippi Supreme Court.

On September 24, 2018, Petitioner filed in this Court a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus [1] challenging his 2016 revocation. Pet. [1] at 1-15. Respondents Commissioner Pelicia Hall and Warden Jody Bradley ("Respondents") have filed a Motion to Dismiss [8] asserting that Petitioner's claims are procedurally barred from federal habeas review, or alternatively, are unexhausted. Mot. [8] at 1-9. Petitioner has notified the Court that he does not intend to respond to the Motion. *See* Letter [10].

The Magistrate Judge entered a Report and Recommendation [11] on July 1, 2019, finding that Petitioner's claims are procedurally barred from federal habeas review because he failed to exhaust his state court remedies, and because he failed to demonstrate that an exception applies to the procedural bar. R. & R. [11] at 3-7. The Magistrate Judge recommended that the Petition be dismissed with prejudice, since dismissal without prejudice would be futile. *Id.* Plaintiff has not objected to the Report and Recommendation, and the time for doing so has passed.

## II. DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. *See id.*

## III. CONCLUSION

The Court will adopt the Magistrate Judge's Report and Recommendation [11] as the opinion of this Court, will grant Respondents' Motion to Dismiss [8], and will dismiss the Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus [1] with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [11] of United States Magistrate Judge Michael T. Parker, entered in this case on July 1, 2019, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondents Commissioner Pelicia Hall and Warden Jody Bradley's Motion to Dismiss [8] is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Henry J. Laneri, III's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus [1] filed September 24, 2019, is **DISMISSED WITH PREJUDICE**. A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 24th day of July, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE